IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02957-REB-NYW

SHAWN COOPER,

    Plaintiff,

v.

SHELTER GENERAL INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion for Summary Judgment (the "Motion" or "Motion to Stay") [Doc. 26] filed on March 24, 2022 by Defendant Shelter General Insurance Company ("Defendant" or "Shelter").  The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated November 15, 2021, [Doc. 16], and the Memorandum dated March 28, 2022.  [Doc. 28].  Upon review of the Motion to Stay, the related briefing, and the applicable case law, the Motion to Stay is hereby **DENIED**.

## BACKGROUND

This case arises out of an automobile collision that occurred on September 25, 2019 involving Plaintiff Shawn Cooper ("Plaintiff" or "Mr. Cooper") and another driver. [Doc. 6 at ¶ 4].  At the time of the collision, Mr. Cooper was insured by Shelter.  [*Id.* at ¶ 3].  Mr. Cooper alleges that he was injured as a result of the collision, *see, e.g.,* [*id.* at ¶¶ 15-16], and because Plaintiff and Defendant have been "unable to locate an insurance

policy that would have afforded coverage" to the other driver, who Plaintiff alleges was responsible for the collision, see [id. at ¶¶ 13-14], Mr. Cooper sought underinsured motorist benefits from Shelter. [Id. at ¶¶ 18-20]. According to Mr. Cooper, Shelter has refused to pay, or has delayed payment of, insurance benefits to which he is entitled. See, e.g., [id. at ¶¶ 58, 71-74, 83].

Mr. Cooper sued Shelter in the District Court for the City and County of Denver on September 28, 2021, raising claims of breach of contract, bad faith breach of an insurance contract, and unreasonable delay or denial of insurance benefits. See generally [id.]. Shelter removed the action to federal court on November 3, 2021. [Doc. 1]. The case was originally assigned to the undersigned Magistrate Judge, [Doc. 5], but re-assigned to the Honorable Robert E. Blackburn upon the parties' non-consent to the jurisdiction of a magistrate judge. [Doc. 14; Doc. 15].

On January 12, 2022, this court held a Scheduling Conference, and entered a Scheduling Order the same day. [Doc. 18; Doc. 19]. The court set the discovery deadline for September 12, 2022 and the dispositive motion deadline for October 14, 2022. [Doc. 19 at 6-7]. On February 25, 2022, Shelter filed Defendant's Motion for Summary Judgment (the "Motion for Summary Judgment"), seeking judgment in its favor on each of Plaintiff's claims. See [Doc. 24]. Then, on March 24, 2022, Shelter moved to stay discovery in this case pending the resolution of the Motion for Summary Judgment. [Doc. 26]. In the instant Motion, Shelter posits that if its Motion for Summary Judgment is granted, "the parties will have wasted considerable time and resources to conduct needless discovery." [Id. at 2]. For this reason, Shelter maintains that a stay in discovery would "reduce expenses for the parties and conserve judicial resources to the extent the

2

Court is asked to address discovery disputes." [*Id.*].  Plaintiff responded in opposition to the Motion on April 5, 2022.  *See* [Doc. 31].  Mr. Cooper argues that "[t]he mere fact that a dispositive motion . . . has been filed, without more, is insufficient to justify the imposition of a stay." [*Id.* at 6].   Because the Motion is ripe for disposition, I consider the Parties' arguments below.[1]

## LEGAL STANDARD

Whether to stay discovery is a matter left to the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  In determining whether a stay is appropriate, the court considers the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendant in proceeding in the action, and the convenience to the court, as well as the interests of non-parties and the public. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).  Courts in this District generally disfavor the stay of all discovery.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

---

[1] On March 29, 2022, this court ordered expedited briefing on the Motion to Stay and stated that no replies would be permitted absent leave of court.  *See* [Doc. 28].  The court finds that it may rule on the Motion without the filing of a reply brief.

## ANALYSIS

As set forth above, in determining whether a stay of discovery is appropriate, courts consider the following five factors (the "*String Cheese* factors"):

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4929216, at *2 (D. Colo. Oct. 15, 2012) (citing *String Cheese*, 2006 WL 894955, at *2). Defendant argues that each of the *String Cheese* factors weighs in favor of a stay. *See* [Doc. 26 at 3]. I consider each factor in turn.

**Plaintiff's Interest in Proceeding Expeditiously**. As to the first *String Cheese* factor, Defendant argues that a stay of discovery will not interfere with Plaintiff's interest in proceeding expeditiously in this matter, but would instead, in fact, benefit Plaintiff. [Doc. 26 at 3]. Defendant reasons that if the Motion for Summary Judgment is granted, a stay of discovery will spare Plaintiff the burden and expense of conducting discovery. [*Id.*]. In response, Mr. Cooper asserts that a stay of discovery will prejudice him because it will likely delay the trial in this matter and thus delay the ultimate resolution of his claim. [Doc. 31 at 8-9].

The court respectfully disagrees with Defendant and agrees with Plaintiff. As an initial matter, the court finds that Plaintiff is in the best position to assess whether he will benefit from or be harmed by a stay of discovery. *Cf. Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (rejecting the defendant's argument that both parties would benefit from a stay of discovery because "discovery appear[ed] extensive" and "[would] require frequent travel that may be

4

lessened following the resolution of the Motion to Dismiss"). Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City and Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). The court notes that Judge Blackburn has already set a trial date in this case for March 2023. *See* [Doc. 23 at ¶ 2]. As Plaintiff suggests, should this court impose a stay of discovery but the Motion for Summary Judgment subsequently be denied, the discovery deadlines would need to be re-set and, as a result, the already-scheduled trial would likely be pushed back, delaying the resolution of this matter well beyond the events giving rise to this dispute. *See* [Doc. 6 at ¶¶ 4, 20 (Plaintiff alleging that the subject collision occurred in 2019 and that he has been requesting underinsured motorist benefits from Shelter since April 2021)]; *cf. Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSJ-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimately resolution of the matter, with injurious consequences.").

Defendant's argument is premised on the potential grant—or partial grant—of summary judgment in its favor. *See* [Doc. 26 at 3]. Such an outcome, however, is not guaranteed. *See Hagerman v. Eli Lilly & Co.*, No. 09-cv-00672-REB-BNB, 2009 WL 4268369, at *3 (D. Colo. Nov. 20, 2009) ("[D]ispositive motions are denied more often than they result in the termination of a case. Consequently, . . . it is more likely than not from a statistical point of view that a delay pending a ruling would prove unnecessary."). For these reasons, the court finds that the first *String Cheese* factor weighs against a stay of discovery.

5

***The Burden on Defendant***.  Next, Shelter argues that the second *String Cheese* factor—the burden on Defendant—weighs in its favor.  [Doc. 26 at 3-4].  Shelter represents that Mr. Cooper has indicated an intent to take a Rule 30(b)(6) deposition of Shelter and "any expert Defendant retains," which would require Shelter's counsel to spend approximately 14 to 16 hours preparing for and attending the depositions.  [*Id.* at 4].  Accordingly, Shelter argues that absent a stay of discovery, it will be "severely burdened."  [*Id.*].  Mr. Cooper challenges Shelter's assertions of the burdens of discovery, arguing that the ordinary aspects of litigation do not warrant a stay of discovery.  [Doc. 31 at 8].

The court agrees with Plaintiff.  "Defendants are always burdened when they are sued," *Chavez*, 2007 WL 683973, at *2, and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens."  *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011).  Indeed, preparing for a deposition "is the sort of burden inherent in proceeding in litigation while any dispositive motion is pending," *Martinez v. Wells Fargo Bank, Nat'l Ass'n*, No. 18-cv-00018-PAB-NYW, 2018 WL 7825201, at *3 (D. Colo. Nov. 28, 2018), and the inherent requirements of engaging in discovery are "a consequence of our judicial system and the rules of civil procedure."  *Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009).  While the court acknowledges that Defendant may realize savings in time or money should a stay be imposed and the Motion for Summary Judgment be granted, the same could be said in the majority of civil cases.  *See U.S. ex rel. Pfeifer v. Ela Med., Inc.*, No. 07-cv-01460-WDM-MEH, 2009 WL 3233668, at *2 (D. Colo. Oct. 7, 2009) (recognizing that an argument that a stay of

discovery could save costs "can be made in all cases in which dispositive motions are pending.").

Moreover, the court notes that in support of its request for a stay, Defendant relies upon *Garcia v. Adams Cty.*, No. 16-cv-01977-PAB-NYW, 2017 WL 951156 (D. Colo. Mar. 8, 2017), wherein this court granted a stay of discovery pending the resolution of a motion to dismiss. *Garcia* is distinguishable from the instant matter; in *Garcia*, the defendants had asserted a defense of qualified immunity in their dispositive motion. *See* 2017 WL 951156, at *2. Courts in this District are more inclined to grant a stay of discovery where a dispositive motion raises jurisdictional or immunity issues. *See Glickauf*, 2019 WL 1897845, at *2. But here, Defendant's Motion for Summary Judgment argues that the law does not support Plaintiff's claims, *see generally* [Doc. 24], which is a substantive merits argument more akin to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Where a pending dispositive motion does not raise jurisdictional or immunity issues but instead attacks the merits of the plaintiff's claims, granting a stay of discovery would suggest that discovery should always be stayed upon the filing of a dispositive motion. *Cf. Boden v. Hmshost Corp.*, No. 15-cv-00606-CMA-KMT, 2015 WL 3826725, at *2 (D. Colo. June 19, 2015) (granting a stay pending the resolution of a Rule12(b)(6) motion would suggest a stay is nearly always appropriate upon the filing of a motion to dismiss). The court cannot invite the practice of parties filing motions to stay discovery solely based on the possibility that discovery could be obviated by a pending dispositive motion. Accordingly, this factor weighs against a stay of discovery.

**The Convenience to the Court**. As to the third *String Cheese* factor, Shelter contends that a stay of discovery would benefit the court because it would reduce the

7

court's need to resolve any potential discovery disputes. [Doc. 26 at 4]. The court is respectfully unpersuaded by this argument. There is no present indication that requiring discovery to proceed in this matter would have any impact on the court's resources. Moreover, "[d]iscovery disputes are the bread and butter of a magistrate judge's involvement in many civil actions and will no doubt continue to be such," and the potential for such disputes is not a sufficient basis to stay discovery in this matter. *Salls v. Secura Ins.*, No. 18-cv-00370-MSK-GPG, 2019 WL 1228068, at *2 (D. Colo. Mar. 16, 2019). Simply put, the remote and uncertain possibility that a discovery dispute may arise in the course of this litigation does not outweigh this court's "interest in managing its docket by having the cases on its docket proceed expeditiously." *WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-cv-01153-MSK-KLM, 2014 WL 4748296, at *7 (D. Colo. Sept. 24, 2014); *see also Genscape, Inc. v. Live Power Intel. Co. NA, LLC*, No. 18-cv-02525-WYD-NYW, 2019 WL 78933, at *3 (D. Colo. Jan. 2, 2019) (finding that "the potential for discovery disputes does not outweigh the court's determination that it is most efficient to move forward without a stay"). I respectfully conclude that the third *String Cheese* factor weighs against a stay of discovery.

**Interests of Non-Parties and the Public**. While Shelter argues generally that the fourth *String Cheese* factor, non-party interests, weighs in favor of a stay because "the interests of persons not parties to this lawsuit will not be harmed by the requested stay," [Doc. 26 at 4-5], Shelter does not identify any specific non-party interests relevant to this matter. *See* [*id.*]. This factor is thus neutral. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, fourth String Cheese factor was neutral); *Genscape*, 2019

WL 78933, at *3 ("[I]t is unclear to what extent the interests of nonparties will be impacted by discovery in this matter; thus, this factor neither favors nor counsels against a stay.").

With respect to fifth and final factor for this court's consideration—the public interest— Shelter asserts that the public has an interest in conserving public resources and the efficient functioning of government. [Doc. 26 at 5]. While this is true, the public also has a "strong interest . . . regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, and "considerations of fairness and timeliness will not be advanced by the imposition of a stay." *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016). The court finds that these counterbalancing interests render the fifth *String Cheese* factor neutral.

As set forth above, stays of discovery are disfavored in this district. *Wason Ranch Corp.*, 2007 WL 1655362, at *1. Weighing the *String Cheese* factors, the court concludes that this case does not present circumstances warranting a departure from this District's general practice. Accordingly, I will **DENY** the Motion to Stay.

## CONCLUSION

Therefore, **IT IS ORDERED** that:

(1) Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion for Summary Judgment [Doc. 26] is **DENIED**.

DATED: April 7, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

9