IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02957-REB-NYW

SHAWN COOPER,

    Plaintiff,

v.

SHELTER GENERAL INSURANCE COMPANY,

    Defendant.

---

### ORDER ON MOTION FOR EXTENSION OF TIME

---

Entered by Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant's Amended Motion for Extension of Time to Respond to Plaintiff's Discovery Demand (the "Motion" or "Motion for Extension of Time") [Doc. 36] filed on April 8, 2022 by Defendant Shelter General Insurance Company ("Defendant" or "Shelter").  The court considers the Motion pursuant to 28 U.S.C. §636(b), the Order Referring Case dated November 15, 2021, [Doc. 16], and Memorandum dated April 8, 2021.  [Doc. 37].  For the reasons set forth herein, the Motion for Extension of Time is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

This court has previously set forth the factual background of this case, *see* [Doc. 32], and does so again here only for purposes of the instant Motion.  Plaintiff Shawn Cooper ("Plaintiff" or "Mr. Cooper") initiated this insurance-dispute action in the District Court for the City and County of Denver on September 28, 2021 and Defendant removed the action to federal court on November, 3, 2021.  [Doc. 1; Doc. 6].  On January 12, 2022,

this court held a Scheduling Conference and entered a Scheduling Order that same day. [Doc. 18; Doc. 19].

On February 22, 2022, Plaintiff propounded his first set of written discovery requests on Defendant, setting the response deadline to March 24, 2022. [Doc. 36 at ¶ 3; Doc. 40 at 2]. The Parties agree that counsel conferred regarding an extension of time for Defendant to respond to Plaintiff's discovery requests. [Doc. 36 at ¶ 3; Doc. 40 at 2-3]. Defendant asserts that counsel "corresponded with counsel for plaintiff and asked for a two[-]week extension to respond to Plaintiff's discovery demand. Counsel indicated he had no objection. . . . Based on this stipulation, Defendant's answers to Plaintiff's discovery were due on April 7, 2022." [Doc. 36 at ¶ 3]. On the other hand, Plaintiff states that while his counsel informed defense counsel that Plaintiff "would not oppose" an extension, "Defendant ultimately chose not to pursue a motion for an extension or a stipulation to serve its discovery responses on April 7th," as no Party filed a formal stipulation on the docket pursuant to Local Rule 6.1(a). [Doc. 40 at 3].

On February 25, 2022, Shelter filed Defendant's Motion for Summary Judgment (the "Motion for Summary Judgment"). [Doc. 24]. Then, on March 24, 2022, Shelter filed a Motion to Stay Discovery, moving the court to stay discovery in this case pending the resolution of the Motion for Summary Judgment. [Doc. 26]. This court denied the Motion to Stay Discovery on April 7, 2022—the date Defendant believes its discovery answers were due. [Doc. 32 at 9]. Defendant represents that upon receiving the court's order denying the Motion to Stay, defense counsel "immediately contacted Plaintiff's counsel to seek an additional three-week period of time to respond to Plaintiff's discovery demand." [Doc. 36 at ¶ 7]. According to Defendant, defense counsel informed Plaintiff's counsel

that Defendant needed additional time to review the discovery responses and to search for and produce responsive documents. [*Id.*].  Additionally, counsel's server "that houses all files was down for the entire day [on April 7] and there was no way for counsel to access the [case] file until the system was restored."  [*Id.*]; *see also* [Doc. 36-2 at 2].  Plaintiff's counsel opposed the requested extension.  [Doc. 36 at ¶ 7].  Counsel for Defendant produced partial discovery responses on April 7, 2022 and "indicated that every effort would be made to provide further discovery answers on April 8, 2022." [*Id.* at ¶ 8].

Defendant now seeks a three-week extension from April 7, 2022 to fully respond to Plaintiff's discovery demand "to provide sufficient time for the Defendant to search for, locate, and produce any documents that may be responsive to Plaintiff's discovery demand."  [*Id.* at ¶ 11].  Plaintiff opposes the requested extension, arguing that despite his agreement to an extension of time, the deadline for Defendant's responses remained March 24, 2022 because no formal stipulation was filed on the docket and thus, Defendant's requested extension "amounts to a 35-day extension, or a total of 65 days to respond to Plaintiff's discovery requests."  [Doc. 40 at 4].  Plaintiff argues that extensions of time are disfavored under the Practice Standards of the presiding judge, the Honorable Robert E. Blackburn, and further argues that Defendant's decision to wait until a ruling on the Motion to Stay was entered to request an extension is insufficient to constitute "excusable neglect" warranting an extension.  [*Id.* at 6-7]. In its Reply, Defendant asserts that Rule 29 "unambiguously permit[s]" the Parties to stipulate to extensions of time and "it is uncommon, in the undersigned's experience, to file a document with the Court to

3

affirm the parties' written agreement with respect to a discovery extension." [Doc. 42 at 1]. The court addresses the Parties' arguments below.

## LEGAL STANDARD

Rule 6(b)(1) governs motions seeking an extension of time, and courts generally grant extensions upon the showing of good cause when sought before the deadline at issue expires. *See Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) ("This rule should be liberally construed to advance the goal of trying each case on the merits."). Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, however, provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires the movant to demonstrate good faith for the request and a reasonable basis for not complying within the specified period. *Four Seasons Secs. Law Litig. v. Bank of Am.*, 493 F.2d 1288, 1290 (10th Cir. 1974). Whether the neglect is "excusable" depends upon the circumstances surrounding the failure, such as (1) any prejudice to the nonmoving party, (2) the length of delay and its effect on the judicial proceedings, and (3) the reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The court may also consider the existence of good faith on the part of the movant. *Hamilton v. Water Whole Int'l. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).

## ANALYSIS

### I.  The Deadline for Defendant's Responses

Before addressing the propriety of Defendant's requested extension, the court must first ascertain the deadline for Defendant's responses to Plaintiff's discovery requests. Defendant asserts that the deadline was April 7, as the Parties stipulated to a two-week extension of time pursuant to Rule 29 of the Federal Rules of Civil Procedure. [Doc. 36 at ¶ 10]. Plaintiff disagrees; he argues that because no formal, written stipulation was ever filed on the docket, the Parties' stipulation for an extension of time never took effect and Defendant's deadline remained March 24, 2022. [Doc. 40 at 3].

Rule 29 of the Federal Rules of Civil Procedure provides that parties may stipulate that "procedures governing or limiting discovery be modified—but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b). Furthermore, the Local Rules state that the parties "may stipulate in writing to one extension of not more than 21 days beyond the time limits prescribed by the Federal Rules of Civil Procedure to respond to a pleading or amended pleading, interrogatories, requests for production of documents, or requests for admissions." D.C.COLO.LCivR 6.1(a). A Local Rule 6.1(a) stipulation "must be filed before the expiration of the time limits to respond prescribed in the Federal Rules of Civil Procedure and <u>shall be effective on filing</u>, unless otherwise ordered." *Id.* (emphasis added).

Neither Party addresses the interplay between these two rules, and the court could locate no authority through its independent research analyzing the same. As noted above, on Reply, Defendant asserts that Rule 29 "unambiguously permit[s]" the Parties

to stipulate to extensions of time and "it is uncommon, in the undersigned's experience, to file a document with the Court to affirm the parties' written agreement with respect to a discovery extension." [Doc. 42 at 1]. However, the court interprets the plain language of Local Rule 6.1(a) as imposing an additional obligation on the Parties than those imposed by Federal Rule 29—that is, the Parties may only stipulate to one extension without a court order, and to effectuate the stipulated extension, the Parties must file a stipulation on the docket prior to the expiration of the deadline. Otherwise, the language of Local Rule 6.1(a) would be rendered meaningless, permitting parties to stipulate to an unlimited number of extensions, without informing the court of such extensions, so long as those extensions would not "interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b). *See also Alvariza v. Home Depot*, 240 F.R.D. 586, 589 (D. Colo.), aff'd, 241 F.R.D. 663 (D. Colo. 2007) (observing that the court was "not required to enforce the 'horse trade'" between the parties that was not memorialized by a signed and filed stipulation). Nor does the mere filing of the Motion to Stay act as a per se stay. *See* D.C.COLO.LCivR 30.2(a); *cf. Toth v. Gates Rubber Co.*, 216 F.3d 1088 (10th Cir. 2000) (affirming district court's order adopting magistrate judge's ruling that a motion to stay did not operate to operate to automatically a court order); *Downey v. Am. Nat'l Prop. & Cas. Co.*, No. 11-cv-00587-MCA-KBM, 2012 WL 13071548, at *2 (D.N.M. Mar. 31, 2012) (observing that "[t]he mere filing of a motion to stay does not automatically stay proceedings or extend deadlines.").

Accordingly, the court respectfully agrees with Mr. Cooper that the deadline for Defendant's discovery responses remained March 24, 2022, even in light of the fact that counsel for Mr. Cooper unambiguously agreed to a two-week extension of time, through

April 7, 2022, for Defendant to provide such responses.[1]  *See* [Doc. 36-1 at 1].[2]  The Local Rules state that a stipulation between the parties is not effective until filed on the formal docket.  D.C.COLO.LCivR 6.1(a).  And because no stipulation was filed, the March 24, 2022 deadline was not extended.  With this in mind, the court turns to the merits of Defendant's Motion.

## II.    Defendant's Request for an Extension of Time

Because Defendant requests the extension after the expiration of the relevant deadline, Defendant must make two showings: (1) that good cause exists for an extension of the deadline; and (2) excusable neglect for the failure to meet the deadline.  Fed. R. Civ. P. 6(b)(1)(B).  Good cause and excusable neglect, "although interrelated, are not identical."  *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996).  The good-cause requirement creates a higher burden on the movant than the requirement to demonstrate excusable neglect.  *Id.*  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  To determine whether a party has demonstrated excusable neglect, the court considers "four relevant factors: (1) 'the danger of prejudice' to the nonmoving party; (2) 'the length of the delay and its potential

---

[1] While Plaintiff's agreement to the extension, alone, did not effectuate the Parties' stipulation, the court finds that the agreed-to extension is relevant to the issue of prejudice, discussed below.

[2] Although Plaintiff argues that in spite of his agreement to an extension, the deadline remained March 24, 2022, Plaintiff does not indicate whether he followed up on the unanswered discovery after the March 24 deadline passed, *see generally* [Doc. 40], and did not file a motion to compel.

impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *Shifers v. Arapahoe Motors, Inc.*, No. 17-cv-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer*, 507 U.S. at 395). The determination as to whether a party's neglect of a deadline is excusable "is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Meanwhile, the good-cause standard requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). In other words, the movant must "show why the deadlines were not met." *Wojdacz v. Norman*, No. 12-cv-01483-REB-MEH, 2014 WL 1389842, at *2 (D. Colo. Apr. 7, 2014). "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017).

### A.     Excusable Neglect

Defendant argues that all four factors relevant to the excusable-neglect analysis weigh in its favor. *See* [Doc. 36 at ¶¶ 13-15]. The court addresses each factor in turn.

***The Danger of Prejudice and Impact on Proceedings***.   First, Shelter argues that Plaintiff will not be prejudiced by an extension and these proceedings will not be hindered by any extension because the requested extension is "only three weeks," discovery does not close until September 2022, and trial is not set to begin until March 2023. [*Id.* at ¶ 13]. Accordingly, Defendant contends that the first two factors weigh in favor of granting the

requested extension. [*Id.*]. In response, Plaintiff argues that the requested extension will "substantial[ly] prejudice" him because the Scheduling Order was entered over three months ago and any extension will "continu[e] to delay his ability to obtain necessary discovery in this matter." [Doc. 40 at 9].

The court is respectfully not particularly persuaded by either Party's argument. First, the court notes that Defendant's requested extension is not three weeks, but five weeks. The court further notes, however, that Mr. Cooper agreed to an extension of time for Defendant to submit its discovery responses through April 7, 2022, which diminishes the persuasiveness of his argument that he will be "substantial[ly]" prejudiced by the requested extension. While a five-week extension is considerable, it is not unprecedented. The court finds the first two factors neutral, and thus, they do not weigh in favor of a finding of excusable neglect.

***The Reason for the Delay***. Next, Defendant asserts that it needs additional time to respond to Plaintiff's discovery requests because counsel "needed to focus on the legal arguments of the [summary judgment] briefing which took more time than was initially intended." [Doc. 36 at ¶ 14]. Further, Defendant notes that it filed the Motion to Stay "before the discovery answers were overdue" and the decision to do so was "a legal decision made by Shelter's counsel and not made by Shelter." [*Id.*].

But Defendant's argument reflects only strategic decisions by counsel which provide no legitimate basis for an extension of time. "[A] tactical decision . . . does not establish excusable neglect." *Flynn v. Stonegate Mortg. Corp.*, No. 10-2058-JAR, 2011 WL 13300754, at *2 (D. Kan. Oct. 19, 2011), *report and recommendation adopted*, 2011 WL 13300753 (D. Kan. Nov. 8, 2011). Defendant and/or counsel chose to file the Motion

9

for Summary Judgment three days after Plaintiff propounded his first discovery requests,[3] and seemingly knew that the briefing schedule would overlap with the deadline to furnish discovery responses. And Defendant and/or counsel chose to file the Motion to Stay despite the outstanding, unanswered discovery requests and despite the fact that under the Local Rules, "the filing of a motion to stay all discovery shall not effectuate a stay unless the motion is granted." D.C.COLO.LCivR 30.2(a). Simply put, Defendant's excuses for the failure to timely file the Motion for Extension of Time are all circumstances within Defendant's control; in other words, Defendant "explains why [it] chose not to file the motion, but [it] does not demonstrate how [it] was prevented or unable to file the motion by the deadline." *Flynn*, 2011 WL 13300754, at *2.

Finally, insofar as defense counsel suggests that the above decisions were made by counsel, and not Defendant, it is well-settled that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396-97; *cf. Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). For these reasons, the court finds that the third factor—"perhaps the most important single factor," *see Torres*, 372 F.3d at 1163—weighs against a finding of excusable neglect. *See Boothe v. Deseret Mut. Benefit Administrators*, No. 1:16-cv-00008-DN, 2017 WL 5311709, at *1 (D. Utah Nov. 13, 2017) (the plaintiff could not establish excusable neglect where her late filing was "entirely within her control or control of her counsel").

---

[3] The dispositive motions deadline in this matter is October 14, 2022. [Doc. 19 at 7]. Thus, Defendant was under no obligation to file its Motion for Summary Judgment when it did so.

***Good Faith***. Finally, with respect to the fourth factor—the good faith of the movant—Defendant maintains that it produced partial answers to Plaintiff on April 7, 2022, would "make every effort" to produce complete answers by April 8, 2022, and that it "did not delay in making this request [for an extension] as it was not possible to file any motion [on April 7, 2022] due to counsel's servers being down for an entire business day." [Doc. 36 at ¶ 15]. While the court understands that Defendant was unable to file the Motion on April 7, 2022 due to technological issues beyond its control, the court respectfully finds this circumstance minimally relevant here, where Shelter's deadline to respond to the discovery requests was March 24, 2022—two weeks prior to the system outage. Moreover, the court notes that Defendant had several weeks during which it could have formally moved for the requested extension, but instead strategically chose to file a Motion to Stay Discovery and a Motion for Summary Judgment. While the court does not find any evidence of bad faith on the part of Defendant, it similarly does not find that this factor demonstrates excusable neglect. In sum, weighing the appropriate factors, the court does not find excusable neglect here. *Cf. Johnson v. Simonton Bldg. Prod., Inc.*, No. 08-CV-2198-CM, 2011 WL 3666616, at *2 (D. Kan. Aug. 22, 2011) (where the length of delay, potential prejudice, and good faith weighed in favor of an extension of time but the reason for the delay did not, denying request for extension).

B. **Good Cause**

Because Defendant cannot show excusable neglect, it necessarily follows that it cannot establish good cause for the requested extension. *Kirkland*, 86 F.3d 175 (demonstrating good cause is a higher burden than demonstrating excusable neglect). However, the court simply notes that while Defendant "submits that good cause exists for

this brief extension," see [Doc. 36 at ¶ 11], Defendant provides no argument actually explaining why good cause exists for its requested extension. See generally [id.]. Good cause and excusable neglect are not identical, Kirkland, 86 F.3d at 175, and thus, Defendant's arguments concerning excusable neglect do not suffice to meet its good-cause burden under Rule 6(b). The failure to meaningfully assert a good-cause argument is a sufficient basis to deny the Motion for Extension of Time. See Guy v. Jorstad, No. 12-cv-01249-RM-KMT, 2015 WL 5214598, at *3 (D. Colo. Sept. 8, 2015) (a cursory assertion that good cause exists "falls far short from showing an absence of fault sufficient to find 'good cause.'").

The court respectfully concludes that Defendant has established neither excusable neglect for not meeting its deadline to respond to Plaintiff's discovery requests nor good cause for extending the deadline. Despite having found no excusable neglect or good cause, this court notes that the operative deadline for the discovery responses of March 24, 2022 has long passed, and without passing on the substance of the outstanding discovery, this court notes that courts generally prefer resolution on the merits as opposed to on procedural grounds. Lee v. Max Int'l, LLC, 638 F.3d 1318, 1321 (10th Cir. 2011) ("[O]ur legal system strongly prefers to decide cases on their merits."). In light of the strong preference for resolving cases on the merits, the court will permit a brief extension of time for Defendant to complete its discovery responses.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Amended Motion for Extension of Time to Respond to Plaintiff's Discovery Demand [Doc. 36] is **GRANTED IN PART** and **DENIED IN PART**; and

(2) Defendant shall **RESPOND** to Plaintiff's discovery requests propounded on February 22, 2022 no later than **April 21, 2022**. <u>**No further extensions will be permitted.**</u>

DATED:  April 14, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge